UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

Factum Bau- und Projektmanagement GmbH                Chapter 15

    Debtor in a Foreign Proceeding,                Case No.:

_____/

**VERIFIED PETITION FOR RECOGNITION OF FOREIGN MAIN PROCEEDING
PURSUANT TO §§ 1515 AND 1517 AND REQUEST FOR HEARING**

Mag. Beate Holper ("Trustee"), as duly appointed trustee of the bankruptcy estate of

Factum Bau- und Projektmanagement GmbH ("Factum") and foreign representative ("Foreign

Representative"), through her attorneys, Astigarraga Davis Mullins & Grossman, P.A.,

respectfully moves this Court for entry of an order pursuant to § 1517 of the Bankruptcy Code,

recognizing as a foreign main proceeding a bankruptcy action pending before the Vienna

Commercial Court of the Republic of Austria, as more fully described herein (the "Austrian

Proceeding"), granting related relief pursuant to §§ 1520 and 1521 of the Bankruptcy Code, and

granting any additional relief which may be available under Chapter 15 of the Bankruptcy Code.

**PRELIMINARY STATEMENT**

1.      The Trustee has commenced this case pursuant to 11 U.S.C. § 1504 by

contemporaneous filing of the Petition seeking recognition of the Austrian Proceeding pending in

the Vienna Commercial Court of the Republic of Austria (the "Vienna Court") as a Foreign Main

Proceeding, as defined in 11 U.S.C. § 1502(4) and § 101(23) and seeking relief as of right under

§ 1520 and further relief available under § 1521.  The Austrian Proceeding is a foreign main

proceeding because it is pending in Vienna, Austria and Austria is the center of main interest for Factum.

2.    The Statement of Foreign Representative, as required by § 1515(c) of the Bankruptcy Code, together with a list of Administrators, Parties and Entities pursuant to Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure is attached hereto as **Exhibit "A."**

3.    As required by § 1515 of the Bankruptcy Code, the Petition is accompanied by a certified and translated copy of that certain Bankruptcy Edict dated January 20, 2010, by the Vienna Court opening bankruptcy proceedings regarding the property of Factum and appointing the Trustee ("Bankruptcy Edict"), attached hereto as **Exhibit "B."**

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 109 and 1501.

5.    This is a core proceeding under 28 U.S.C. § 157(b)(2)(p).

6.    Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

## FACTUAL BACKGROUND

### A. Factum

7.    Factum is an Austrian company established in 2000. Factum's business plan included the planning and development of building projects, including the development of a €50,000,000 theme park in Austria (the "Project").

8.    Beginning in 2008, Factum engaged in negotiations with at least two Florida companies located in Orlando, Florida, DWB Holding Company ("DWB Holding"), and

Financiera Adalen LLC ("Financiera Adalen") (collectively, the "Florida companies"), through their representatives in Europe, to obtain financing for the Project.

9.     DWB Holding's president is Daniel Fernandes Rojo Filho and Financiera Adalen's president is Antonio Flamiano Costa Cavalcanti.  Their representatives in Europe included Jose Carlos Lourenço Ferreira da Silva, Gerald Rauchegger, Rene Leitner, and Herrn Roland Bernsteiner.

10.     In furtherance of obtaining the necessary financing for the Project, in December 2008, Factum entered into a Joint Venture Agreement with Financiera Adalen.  The stated purpose of the Joint Venture Agreement was for Financiera Adalen and Factum to operate securities debentures for the sole purpose of participating in a private place platform based on securities assets owned by DWB Holding.

11.     Pursuant to the Joint Venture Agreement, Factum paid Financiera Adalen a facilitation fee in the amount of €1,500,000.00, expecting a first repayment of €1,617,000.00 in June 2009.

12.     Factum, however, has not received any payment as required by the Joint Venture Agreement.

13.     In November 2009, as a result of not receiving any payment pursuant to the Joint Venture Agreement, Factum's director, Helmuth Grande, filed a report with the Austrian Public Prosecutor's Department because of suspected fraud.  A criminal investigation is ongoing in Austria.

14.     The Joint Venture Agreement provides that it is governed by the laws of the United States of America and the parties agreed to jurisdiction in Florida state court.

## B. The Austrian Proceeding

15.     Pursuant to the Austrian Bankruptcy Act, a company is required to commence bankruptcy proceedings when it is unable to pay its debts.

16.     Due to the fact that Factum did not receive any payment as required by the Joint Venture Agreement, Factum suffered financial losses which resulted in Factum becoming unable to pay its debts.

17.     As a result, Factum sought to commence a bankruptcy proceeding in Austria and on or about January 20, 2010, the Vienna Court issued its Bankruptcy Edict, opening the bankruptcy proceeding regarding the property of Factum.

18.     Under Austrian law, the commencement of a bankruptcy proceeding leads to compulsory liquidation of the company or a reorganization plan.

19.     The Trustee is entitled to all legal acts concerning Factum, including making claims for payment to be distributed to Factum's creditors at the close of the Austrian Proceeding.

20.     The Austrian Proceeding remains pending and the Trustee is overseeing efforts to identify, locate, and repatriate assets belonging to Factum.

21.     The Trustee desires to proceed with the investigation into the assets of Factum that are in the United States, the assets of Factum that were transferred through the United States and which may still be located here, and the transactions involving Factum with persons residing or located in the United States.

22.     On February 16, 2010, the Vienna Court entered an Order approving the Trustee's engagement of undersigned counsel for the purpose of legal representation of the bankruptcy estate of Factum in the United States.

23. The Trustee is currently aware of no legal proceedings in the United States wherein Factum is a party other than the instant petition, nor of any creditors of Factum from the United States.

## RECOGNITION IS APPROPRIATE

24. The Trustee has satisfied each of the requirements for recognition of the Austrian Proceeding under Chapter 15 of the Bankruptcy Code, as follows:

(a) The Trustee qualifies as a "foreign representative" as defined in 11 U.S.C. §101(24) because she is a person authorized in the Foreign Proceeding to administer the reorganization or the liquidation of Factum's assets or affairs or to act as a representative of the Foreign Proceeding.

(b) The Austrian Proceeding is a "foreign main proceeding" as defined in 11 U.S.C. § 101(23) and 1502(4), because it is (i) pending in Austria, which is Factum's "center of main interests," as such term is used in §§ 1502(4), 1516(c) and 1517(b)(1); and (ii) a collective judicial proceeding under which Factum's assets and affairs are subject to the supervision of the Vienna Court for the purpose of the bankruptcy.

(c) The Petition meets the requirements of an application for recognition pursuant to § 1515 because (i) the Trustee has filed its petition for recognition; (ii) the Petition is accompanied by a certified and translated copy of the Bankruptcy Edict; and (iii) the Petition is accompanied by the Statement of the Foreign Representative regarding any other foreign proceedings.

## RELIEF REQUESTED

25. In furtherance of her duties, the Trustee seeks an Order pursuant to §§ 105(a), 1507, 1517, 1520, and 1521 of the Bankruptcy Code, and, if necessary, Rule 65 of the Federal

Rules of Civil Procedure as made applicable herein by Rule 7065 of the Federal Rules of Bankruptcy Procedure, substantially in the form of the Proposed Order, attached hereto as **Exhibit "C"**, granting the following relief:

(a)     Recognizing the Foreign Proceeding as a foreign main proceeding as defined in § 1502(4) of the Bankruptcy Code and the Trustee as the Foreign Representative as that term is defined in § 101(24) of the Bankruptcy Code;

(b)     Granting relief as of right upon recognition of a foreign main proceeding pursuant to § 1520 of the Bankruptcy Code;

(c)     Granting further additional relief as authorized by § 1521 of the Bankruptcy Code, including, without limitation:

(1)     staying the commencement or continuation of any action or proceeding without the consent of the Trustee concerning Factum's assets, rights, obligations or liabilities, to the extent not stayed under § 1520(a) of the Bankruptcy Code;

(2)     staying execution against Factum's assets, to the extent not stayed under § 1520(a);

(3)     suspending the right to transfer or otherwise dispose of any assets of Factum to the extent this right has not been suspended under § 1520(a);

(4)     providing for the examination of witnesses, the taking of evidence, or the delivery of information concerning the assets, affairs, rights, obligations or liability of Factum, and finding that such information is required in the foreign proceeding under the law of the United States;

(5)     entrusting the administration or realization of all or part of the assets of Factum within the territorial jurisdiction of the United States to the Trustee;

(6)     entrusting the distribution of all or part of Factum's assets located within the United States to the Trustee;

(7)     entrusting the distribution of all or part of Factum's assets located within the United States to the Trustee and finding that the assets of the creditors of Factum are sufficiently protected thereby;

(8)     otherwise granting comity to and giving full force and effect to the Bankruptcy Edict and any other order issued and to be issued in the Foreign Proceeding; and

(9)     awarding the Trustee such other and further relief as this Court may deem just and proper.

## HEARING DATE AND NOTICE

26.     The Trustee requests that the Court set the date for a hearing, pursuant to § 1517(c) of the Bankruptcy Code "at the earliest possible time."

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an Order, substantially in the form of the Proposed Order and grant such other and further relief as may be just and proper.

Dated: January ___, 2011

Respectfully submitted,
ASTIGARRAGA DAVIS
MULLINS & GROSSMAN, P.A.
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Telephone (305) 372-8282
Facsimile (305) 372-8202
Email: ggrossman@astidavis.com
            edavis@astidavis.com

By:     s/ Gregory S. Grossman
        Gregory S. Grossman
        Florida Bar No 896667
        Edward H. Davis, Jr.
        Florida Bar No: 704539

## VERIFICATION

I am the court-appointed trustee and Foreign Representative of the bankruptcy estate of Factum Bau- und Projektmanagement GmbH ("Factum") in Austria, and, in such capacity, I am authorized to make this verification. I have read the foregoing Verified Petition for Recognition and the facts and matters alleged and contained therein are true and correct to the best of my information and belief. I make this Verification either upon my own personal knowledge of the facts involved or based upon my review of the books and records customarily kept and maintained by Factum.

I verify under penalty of perjury under the laws of the United States of America that the factual allegations contained in the Verified Petition for Recognition are true and correct.

_____

Mag. Beate Holper
Trustee of the Bankruptcy Estate of Factum Bau-
und Projeckmanagement GmbH/Foreign Representative

EXHIBIT "A"

In re:

Factum Bau- und Projektmanagement GmbH                    Chapter 15

    Debtor in a Foreign Proceeding,                          Case No.:

_____/

## STATEMENT OF FOREIGN REPRESENTATIVE AND LIST OF ADMINISTRATORS, PARTIES, AND ENTITIES PURSUANT TO 11 U.S.C. § 1515 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 1007(a)(4)

Mag. Beate Holper, as Trustee of Factum Bau- und Projektmanagement GmbH, files this Statement of Foreign Representative in support of the Verified Petition for Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 (the "Verified Petition") and hereby declares:

1.    My name is Mag. Beate Holper and I am over the age of 18.  If called upon, I could completely testify to all matters set forth in this statement based upon my own personal knowledge except for those portions specified as being otherwise.

2.    I was appointed Trustee within the meaning of 11 U.S.C. § 1502(6) in the pending bankruptcy proceeding of Factum Bau- und Projektmanagment GmbH ("Factum") by the Vienna Commercial Court of the Republic of Austria (the "Vienna Court") on January 20, 2010 (the "Austrian Proceeding").  By virtue of the appointment by the Vienna Court, I, as the Trustee, am authorized to appear in this Court as a foreign representative of the bankruptcy proceeding in Austria.  A true and correct copy of the Bankruptcy Edict opening the bankruptcy proceedings and appointing me as Trustee is attached to the Verified Petition.

3.     I hereby file the following list in accordance with Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

### Administrators in Foreign Proceedings of the Debtor

4.     The Trustee is not aware of any foreign proceedings, as that term is defined in 11 U.S.C. § 101(23), of the Debtor other than this Chapter 15 Petition.   The Trustee is the duly appointed "administrator" in the Austrian Proceeding.

### Parties to any U.S. Litigation in which the Debtor is a Party

5.     The Trustee is not aware of any other litigation pending in the United States in which Factum is a party.

### Entities Against Whom Provisional Relief Is Being Sought

6.     Petitioner is not seeking interim relief at this time against any entities under 11 U.S.C. § 1519.

I verify under penalty of perjury under the laws of the United States of America that the factual allegations contained herein are true and correct.

Dated: November ____, 2010

_____
Mag. Beate Holper
Trustee of the Bankruptcy Estate of Factum Bau-
Und Projeckmanagement GmbH/Foreign Representative

3

EXHIBIT "B"



CERTIFIED TRANSLATION

4 S 7/10x

**B A N C R U P T C Y   E D I C T**

To the extent this form contains terminology relating to individuals the expressions used relate to both sexes.

Opening of bankruptcy proceedings regarding the property of
**Factum Bau- und Projektmanagement GmbH**
**FN (=Book of Business Names Number) 199186 x ,**
**1030 Vienna, Karl-Farkas-Gasse 18**

Trustee of the Bankruptcy Estate      **Mag. Beate Holper, Attorney-at-Law,**
                                       **1010 Vienna, Gonzagagasse 15**
                                       **phone 533 28 55, FAX 533 28 55 28**
                                       **e-mail: office@anwaltwien.at**
Deputy                                 **Dr. Susi Pariasek, Attorney, as above**

Claims against the bankrupt of creditors and claims for the release and for priority satisfaction from and out of assets of the estate, claims regarding earnings arising from employment or similar recurrent benefits equivalent to earnings, irrespective of whether or not a court case is pending in regard of such claims, have to be filed with this court of law not later than on **3.3.2010** *(a form for the filing of claims in insolvency proceedings is available on the homepage of the Federal Ministry of Justice: www.justiz.gv.at - Services – Formulare –Insolvenz –Anmeldung einer Forderung im Insolvenzverfahren – KoFormFoAnm1).*
Creditors who file their claims later will be charged with concomitant costs (unless such creditor was not able to file earlier); they cannot challenge claims verified earlier and they will not benefit from earlier distributions to creditors.
The general verification-of-claims hearing and the hearing regarding the trustee's report will he held by this court on **17 March 2010, 09:15, room 1606.**
Anybody having property of the bankrupt in his custody has to notify the Trustee and to permit the preparation of an inventory and the appraisal of value by pain of being liable to the Trustee for losses caused wilfully or negligently by not doing so.
Claims for Insolvenz-Ausfallgeld (= staff compensation for loss of earnings due to the bankruptcy) have to be applied for within 6 months from the opening of bankruptcy proceedings both with Bundesamt für Soziales und Behindertenwesen (=Federal Agency for Social Affairs and Handicapped Persons) and this court of law.
The filing of a claim in insolvency proceedings alone does not replace the application for Insolvenz-Ausfallsgeld.
In addition, it is pointed out that all public announcements will be published on the internet in the insolvency database (www.edikte.justiz.gv.at).

(Stamp No 14              Handelsgericht Wien
Vienna Commercial Court)  (=Vienna Commercial Court)
                              1030 Vienna, Marxergasse 1a
                          Department. 4, on 20.1.2010

                                   HR Dr. Rudolf Winter
                                         Judge
                              Certified to be a correct copy
                              The Clerk of Department:
                                      (signature)

Entered into the Insolvency Database on: 20.1.2010

CERTIFIED TRANSLATION

I hereby certify on the basis of my oath of office that the foregoing is a true and correct translation from German into English of the attached copy of the original.

(Die genaue Übereinstimmung der vorstehenden Übersetzung vom Deutschen ins Englische mit der beigefügten Kopie des Originals betätige ich unter Berufung auf meinen Eid.)

Vienna (Wien), 12 March 2010 (12. März 2020)

Sworn and Certified Court Translator and Interpreter for English
(Allgemein beeideter und gerichtlich zertifizierter Dolmetsch für Englisch)

# KONKURSEDIKT

Soweit in diesem Formular personenbezogene Ausdrücke verwendet werden, gilt die gewählte Form für beide Geschlechter.

Eröffnung des Konkurses über das Vermögen der
**Factum Bau- und Projektmanagement GmbH.**
**FN 199186 x, 1030 Wien, Karl-Farkas-Gasse 18**

| | |
|---|---|
| Masseverwalter | **Mag. Beate Holper, Rechtsanwalt**<br>**1010 Wien, Gonzagagasse 15**<br>**Tel. 533 28 55, FAX 533 28 55 28**<br>**E-Mail: office@anwaltwien.at** |
| Stellvertreter | **Dr. Susi Pariasek, RA, ebendort** |

Die Konkursforderungen der Gläubiger und Forderungen von Aussonderungsberechtigten und Absonderungsgläubigern auf Einkünfte aus einem Arbeitsverhältnis oder auf sonstige wiederkehrende Leistungen mit Einkommensersatzfunktion sind, auch wenn darüber ein Rechtsstreit anhängig ist, spätestens zum 3.3.2010 bei diesem Gericht anzumelden (*ein Formular zur Anmeldung einer Forderung im Insolvenzverfahren findet sich auf der Homepage des Bundesministerium für Justiz: www.justiz.gv.at – Services –. Formulare – Insolvenz – Anmeldung einer Forderung im Insolvenzverfahren – KoFormFoAnm1).*

Gläubigern, die ihre Forderungen später anmelden, werden die dadurch verursachten Kosten auferlegt werden (es sei denn, eine frühere Anmeldung war dem betreffenden Gläubiger nicht möglich); sie können früher geprüfte Forderungen nicht bestreiten und bleiben mit ihren Forderungen bei früheren Verteilungen unberücksichtigt.

Allgemeine Prüfungstagsatzung und Berichtstagsatzung bei diesem Gericht am **17. März 2010, 9.15 Uhr, Zimmer 1606.**

Wer Sachen des Gemeinschuldners in Gewahrsam hat, hat dies bei sonstiger Haftung für den durch sein Verschulden verursachten Schaden dem Masseverwalter anzuzeigen sowie die Verzeichnung und Schätzung zu gestatten.

Ansprüche auf Insolvenz-Ausfallgeld sind bei sonstigem Ausschluss binnen 6 Monaten ab Eröffnung des Insolvenzverfahrens beim Bundesamt für Soziales und Behindertenwesen und bei diesem Gericht geltend zu machen.

Die Anmeldung einer Forderung im Insolvenzverfahren ersetzt nicht den Antrag auf Insolvenz-Ausfallgeld.

Überdies wird darauf hingewiesen, dass sämtliche öffentliche Bekanntmachungen in der Insolvenzdatei im Internet (www.edikte.justiz.gv.at) veröffentlicht werden.

Handelsgericht Wien
1030 Wien, Marxergasse 1a
Abt. 4, am 20.1.2010

**HR Dr. Rudolf Winter**
**Richter**
Für die Richtigkeit der Ausfertigung
der Leiter der Geschäftsabteilung

Insolvenzdatei eingetragen am: 20.1.2010

EXHIBIT "C"

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

Factum Bau- und Projektmanagement GmbH            Chapter 15

        Debtor in a Foreign Proceeding,           Case No.:
_____/

## ORDER GRANTING RECOGNITION OF FOREIGN
## MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 OF
## THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF

THIS CAUSE came on for hearing on _____, upon the Verified Petition For

Recognition of Foreign Main Proceeding Pursuant To §§1515 and 1517 and Request for Hearing

(the "Chapter 15 Petition") (D.E. _____) seeking recognition and related relief pursuant to

Chapter 15 of the Bankruptcy Code, of a foreign proceeding ("Austrian Proceeding"), pending in

the Vienna Commercial Court of the Republic of Austria (the "Vienna Court"), filed by Mag.

Beate Holper ("Trustee"), as trustee of the bankruptcy estate of Factum Bau- und

Projektmanagement GmbH ("Factum") within the meaning of 11 U.S.C. §1502(6). The Court

(a) finds that due and timely notice of the filing of the Chapter 15 Petition and this hearing was

given by the Trustee as directed by this Court and (b) has considered the Chapter 15 Petition, the

Bankruptcy Edict by the Vienna Court dated January 20, 2010 ("Bankruptcy Edict"), the

exhibit(s) attached thereto, the declarations on file, and the entire record in this matter.

Accordingly, the Court makes the following findings of fact and conclusions of law:

       A.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334, and 11 U.S.C. §§ 109 and 1501.

B.     Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

C.     This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D.     The Trustee is a person pursuant to 11 U.S.C. § 101(41), qualifies as a "foreign representative" as defined in 11 U.S.C. § 101(24), and is the duly appointed foreign representative of Factum.

E.     The Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504 and 1515.

F.     The Trustee has met the requirements of 11 U.S.C. § 1515(b), § 1515(c), and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

G.     The Austrian Proceeding, and the provisions made thereunder for the protection, administration and distribution of assets is a foreign proceeding pursuant to 11 U.S.C. §§ 101(23) and 1502(4).

H.     The Austrian Proceeding is entitled to recognition by this Court pursuant to 11 U.S.C. § 1517.

I.     The Austrian Proceeding is pending in the country where the center of main interests of Factum is located and accordingly the Austrian Proceeding is a foreign main proceeding pursuant to 11 U.S.C. § 1502(4) entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

J.     The Trustee is entitled to all relief provided pursuant to 11 U.S.C. § 1520 without limitation.

K.     The Trustee is further entitled to the relief expressly set forth in 11 U.S.C. § 1521 and such relief is granted hereby.

L.      The relief granted hereby is necessary and appropriate, in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to 11 U.S.C. § 1521 and Federal Rule of Bankruptcy Procedure 7065 and will not cause any hardship to the creditors of Factum or other parties in interest that is not outweighed by the benefits of the relief being granted.

NOW, THEREFORE, IT IS ORDERED and ADJUDGED that:

1.      The Austrian Proceeding is granted recognition pursuant to 11 U.S.C. § 1517(a).

2.      The Austrian Proceeding is granted recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

3.      The Austrian Proceeding, including but not limited to the Bankruptcy Edict, shall be given full force and effect and be binding on and enforceable in the United States against all persons and entities.

4.      The Trustee is entrusted with the administration and realization of all or a part of Factum's assets within the territorial jurisdiction of the United States.

5.      All persons and entities are stayed from commencing or continuing any action or proceeding concerning the assets, rights, obligations or liabilities of Factum located in the United States.

6.      All person and entities are stayed from executing against the assets of Factum located in the United States.

7.      All persons and entities are prohibited from transferring, encumbering or otherwise disposing of any assets of Factum located in the United States.

8.      All persons and entities provided notice of the Chapter 15 Petition and the Hearing thereon who are in possession, custody or control of property, or the proceeds thereof, of

Factum located within the territorial jurisdiction of the United States, shall immediately advise the Trustee by written notice sent to the Trustee at the following addresses:

> Mag. Beate Holper
> Pariasek Holper Rechtsanwälte
> Gonzagagasse 15
> A-1010 Wien
> Austria
>
> with copy to:
>
> Gregory S. Grossman
> Edward H. Davis, Jr.
> Astigarraga Davis Mullins & Grossman, P.A.
> 701 Brickell Avenue
> Suite 1650
> Miami, FL 33131

which shall set forth: (i) the nature of such property or proceeds; (ii) when and how such property or proceeds came into the custody, possession or control of such person or entity; and (iii) the full identity and contact information for such personal or entity.

9.     The Trustee is authorized to examine witnesses, take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of Factum without further order of this Court.

10.     The Trustee, if permitted by the Vienna Court, is authorized to operate the business that is the subject of the Austrian Proceeding and may exercise the powers of a trustee under and to the extent provided by 11 U.S.C. §§ 363 and 552.

11.     This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by any person or entity for relief from the provisions of this Order.

ORDERED in the Middle District of Florida on _____, 2011.


_____
United States Bankruptcy Judge

Submitted by and copies furnished to:

Gregory S. Grossman
Edward H. Davis, Jr.
ASTIGARRAGA DAVIS
MULLINS & GROSSMAN, P.A.
*Attorneys for the Trustee*
701 Brickell Avenue, 16th Floor
Miami, FL 33131
Tel: (305) 372-8282
Fax: (305) 372-8202
Email:    ggrossman@astidavis.com
              edavis@astidavis.com


Gregory S. Grossman is directed to serve a copy of this Order on all parties entitled to service there from and to file a certificate of service immediately thereafter.


F:\WDOX\CLIENTS\50063\2001\00123540.DOC